LATHAM & WATKINS LLP
  Robert M. Howard (Bar No. 145870)
12670 High Bluff Drive
San Diego, California  92130
Telephone:  858.523.5400
Facsimile:  858.523.5450
Email:  robert.howard@lw.com

  Andrea M. Hogan (Bar No. 238209)
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:  415.391.0600
Facsimile:  415.395.8095
Email:  andrea.hogan@lw.com

Attorneys for Defendants Monsanto Company,
Solutia Inc., and Pharmacia LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| CITY OF SAN JOSE,<br><br>               Plaintiff,<br>     v.<br><br>MONSANTO COMPANY, et al.,<br><br>               Defendants. | CASE NO. 5:15-cv-03178-EJD<br><br>Assigned to Judge Edward J. Davila<br>Courtroom 4 (5th Floor)<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CORRECT ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINTS** |
| CITY OF OAKLAND,<br><br>               Plaintiff,<br>     v.<br><br>MONSANTO COMPANY, et al.,<br><br>               Defendants. | CASE NO. 5:15-cv-05152-EJD<br>*(Related Case)* |
| CITY OF BERKELEY,<br><br>               Plaintiff,<br>     v.<br><br>MONSANTO COMPANY, et al.,<br><br>               Defendants. | CASE NO. 5:16-cv-00071-EJD<br>*(Related Case)* |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\80612921

5:15-cv-03178-EJD; 5:15-cv-05152-EJD; 5:16-cv-0071-EJD
ADMINISTRATIVE MOTION TO CORRECT ORDER
DENYING DEFENDANTS' MOTION TO DISMISS

Pursuant to N.D. Cal. Local Rule 7-11, Defendants Monsanto Company, Pharmacia LLC, and Solutia, Inc. (collectively, "Defendants") request this Court to modify the Order Denying Defendants' Motion to Dismiss ("Order"), dated February 3, 2017 (San Jose Dkt. No. 121; Oakland Dkt. No. 96; Berkeley Dkt. No. 97), to revise the following sentence: "Rather, as Monsanto described it, stormwater management is a 'complicated web of hydrology,' (Jan. 26, 2017, Hr'g Tr. at 15:14–15, attached hereto as Ex. 1), involving capture, filtration, permeation, and discharge of rainfall and dry weather runoff." Order, 7:2-3.

The description of storm water management being a "complicated web of hydrology" (Order, at 7:2-4 (quoting Ex. 1, at 15:14–15)) is *not* Defendants' position, but rather an acknowledgment of the Court's accurate description of the Cities' Amended Complaint and opposing counsel's position. Likewise, the description of "capture, filtration, permeation, and discharge of rainfall and dry weather runoff" is Plaintiffs' characterization, and not Defendants'. *See, e.g.*, Ex. 1, 32:7-33:18 (Cities' discussion of the "hydrologic cycle," including storm water capture, biofiltration, groundwater infiltration and discharge); *see also* Joint Opp. (San Jose Dkt. No. 106; Oakland Dkt. No., 84; Berkeley Dkt. No. 74), at 6:4-12 (Cities' discussion regarding their alleged capture and augmentation of water supply through groundwater recharge).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 60(a) recognizes that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and that "the court may do so on motion or on its own, with or without notice." *Id.* Under Rule 60(a), the court has authority to correct errors in judgments resulting from oversight and to modify interlocutory orders. *See, e.g., Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 325-26 (2d Cir. 1973) (holding that the court did not err in granting plaintiff's motion under Rule 60 to delete words "a corporation" from defendant's name in judgment, where the evidence clearly indicated that defendant was a partnership rather than a corporation, and that no such corporation ever existed); *United States v. Forrester*, 2003 U.S. Dist. LEXIS 14416, a *5 (S.D. Ohio 2003) (correcting order citing tax year of 1991, when record

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\80612921

5:15-cv-03178-EJD; 5:15-cv-05152-EJD; 5:16-cv-0071-EJD
1   ADMINISTRATIVE MOTION TO CORRECT ORDER
DENYING DEFENDANTS' MOTION TO DISMISS


showed that the taxes were for year 1981). Similarly, Local Rule 7-11 recognizes that "during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." *Id.*

## II.   DISCUSSION

On page 7:2-5, the Order imputes Defense counsel's concurrence with the Court about the *Cities' position* as Defendants' position. The transcript shows that it was actually the Court's summary of the view expressed by Plaintiffs in their pleadings. Specifically, the Order states the following:

> The Cities' allegations, taken as true, show that their stormwater systems involve more than a binary decision to capture stormwater or abandon it to the Bay. *Rather, as Monsanto described it, stormwater management is a 'complicated web of hydrology' (Jan. 26, 2017, Hr'g Tr. at 15:14–15), involving capture, filtration, permeation, and discharge of rainfall and dry weather runoff.* Whether the captured stormwater ultimately "augments existing water supplies" is a factual question that cannot be resolved on a motion to dismiss. Under AB 2594's amendments to the California Water Code, the Cities' capture of stormwater establishes a property interest on which the Cities successfully state a claim for public nuisance.

Order, at 7:1-8 (emphasis added). While the portion of the Order quoted in italics suggests that it is *Defendants'* position that storm water management is a "complicated web of hydrology," the context of the hearing transcript makes clear that counsel's statement was, instead, agreeing with the Court's summary of the position expressed by *Plaintiffs* in their First Amended Complaints and Opposition. *See* Ex. 1, at 14:20–16:5.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\80612921

5:15-cv-03178-EJD; 5:15-cv-05152-EJD; 5:16-cv-0071-EJD
2   ADMINISTRATIVE MOTION TO CORRECT ORDER
DENYING DEFENDANTS' MOTION TO DISMISS

1   The relevant excerpt of the January 26, 2017 hearing transcript begins with the Court

2   describing the arguments expressed in *Plaintiffs' pleadings*:

> "THE COURT: If there was a -- I appreciate the comment, and I'm eager to hear from your colleague opposite about this. But there were some pages in his pleadings, their pleadings, Paragraphs 18 through I think 52, or something, or maybe even 68, that talk about the procedures, the allocation, manuals and things. And I was almost left with the impression that that whole mechanism, that vast mechanism of collecting stormwater, let's call it, and allowing it to recharge the water table, if you will, all of that is a process that happens and the water that flows into the bay is a natural consequence of this capturing augmentation. If that were the case, in other words, if this is the way that water is captured used and recharged, and it's established that whatever runoff goes into the bay is a natural process of that, would that allow them to argue that we do capture, we do use this water pursuant to the statute if it's a whole process like that?"

Ex. 1, at 14:20-15:13.

Referring to the contents of those same pleadings, Defendants' counsel responded "Yeah, there's sort of a complicated web here of hydrology," and then stated Defendants' position that, contrary to Plaintiffs' argument, there actually is a clear distinction, or a "bifurcation," between storm water that is captured, and the abandoned storm water at issue in this case. Ex. 1, at 15:14-16:5. Defense counsel's description during the hearing of this bifurcation between captured water used for augmentation purposes and abandoned storm water discharged to the San Francisco Bay is consistent with Defendants' position in their Motion to Dismiss. *See* Motion (San Jose, Dkt. No. 103; Oakland, Dkt. No. 81; Berkeley Dkt. No. 71), 13:12-19; 18:27-19:8; 20:21-24.

Additionally, the Order's statement of attribution at 7:2-5 could easily be interpreted to mean that Defendants described that "stormwater management . . . involv[es] capture, filtration, permeation, and discharge of rainfall and dry weather runoff." Defendants' counsel did not describe storm water management in this manner. In fact, this was Plaintiffs' description of storm water management, made both at the hearing and in its opposition to Defendants' Motion to Dismiss. Ex. 1, 32:7-33:18; Joint Opp. (San Jose Dkt. No. 106; Oakland Dkt. No., 84; Berkeley Dkt. No. 74), at 6:4-12.

///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\80612921

5:15-cv-03178-EJD; 5:15-cv-05152-EJD; 5:16-cv-0071-EJD
3   ADMINISTRATIVE MOTION TO CORRECT ORDER
DENYING DEFENDANTS' MOTION TO DISMISS

1   Accordingly, based on the context contained in the attached excerpt of the hearing
2 transcript, Defendants respectfully request that the Order be modified to read "*As the Cities*
3 *described it, stormwater management is a complicated web of hydrology, involving capture,*
4 *filtration, permeation, and discharge of rainfall and dry weather runoff*," or otherwise clarify
5 that the statement is not an expression of *Defendants'* position.

6   **III.   CONCLUSION**

7   Defendants respectfully request that this Court strike or modify the text of its Order, as
8 set forth herein.

10  Dated: February 17, 2017                          LATHAM & WATKINS LLP

13                                                   By      /s/ Robert M. Howard
                                                        Robert M. Howard
                                                        Attorneys for Defendants Monsanto
14                                                      Company, Solutia Inc., and Pharmacia LLC

LATHAM&WATKINS LLP US-DOCS\80612921
ATTORNEYS AT LAW
SAN DIEGO

5:15-cv-03178-EJD; 5:15-cv-05152-EJD; 5:16-cv-0071-EJD
4   ADMINISTRATIVE MOTION TO CORRECT ORDER
DENYING DEFENDANTS' MOTION TO DISMISS