UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSE,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY, et al.,<br><br>    Defendants. | Case No. 5:15-cv-03178-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 123 |
| CITY OF OAKLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY, et al.,<br><br>    Defendants. | Case No. 5:15-cv-05152-EJD<br><br>Re: Dkt. No. 98 |
| CITY OF BERKELEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY, et al.,<br><br>    Defendants. | Case No. 5:16-cv-00071-EJD<br><br>Re: Dkt. No. 89 |

In these related cases, Plaintiffs City of San Jose, City of Oakland, and City of Berkeley (the "Cities") seek damages from Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC ("Monsanto") arising from Monsanto's production of environmental contaminants called polychlorinated biphenyls ("PCBs"). The Cities allege that Monsanto's PCBs pollute the San Francisco Bay (the "Bay") through stormwater and dry weather runoff from the Cities, forcing the Cities to spend money to reduce PCB discharge in order to comply with state and federal regulations.

Before the Court is Monsanto's motion to dismiss or stay the Cities' first amended complaints for failure to exhaust administrative remedies. Case No. 15-cv-3178, Dkt. No. 123; Case No. 15-cv-5152, Dkt. No. 98; Case No. 16- cv-71, Dkt. No. 89 (together, "MTD"). Monsanto's motion will be GRANTED because the Cities are simultaneously seeking the same relief before this Court and before the California Commission on State Mandates (the "Commission"). As discussed below, the Cities' actions in this Court will be stayed until after the Cities' next hearing before the Commission.

I. BACKGROUND

The Cities' allegations are largely identical, with some variations regarding their use of captured stormwater and their trusteeship of public land. Case No. 15-cv-3178, Dkt. No. 91; Case No. 15-cv-5152, Dkt. No. 81; Case No. 16-cv-71, Dkt. No. 71 ("FACs").[1]

The Cities operate municipal stormwater and dry weather runoff systems, which collect runoff and discharge it into the Bay. Id. ¶ 13. The Cities are required to obtain Municipal Regional Stormwater Permits from the San Francisco Bay Regional Water Quality Control Board. Id. ¶ 13. Each of the Cities has received such a permit, which includes limits on the amount of PCBs the Cities may discharge into the Bay through stormwater. Id. ¶¶ 14–15. In 2015, the Water Quality Control Board imposed a stricter PCB limit, which forced the Cities to spend money to meet the

---

[1] For a more detailed discussion of the factual and procedural background of the Cities' actions, see this Court's order on Monsanto's previous motion to dismiss. Case No. 15-cv-3178, Dkt. No. 121; Case No. 15-cv-5152, Dkt. No. 96; Case No. 16-cv-71, Dkt. No. 87.

2
Case No.: 5:15-cv-03178-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

new requirements. Id. ¶¶ 17–19. The Cities seek damages from Monsanto arising from their permit compliance costs.

In their original complaints, the Cities alleged causes of action against Monsanto for public nuisance and equitable indemnity. Case No. 15-cv-3178, Dkt. No. 1; Case No. 15-cv-5152, Dkt. No. 1; Case No. 16-cv-71, Dkt. No. 1. This Court granted Monsanto's motions to dismiss, finding that (1) the Cities lacked standing to claim public nuisance because they failed to show that they have a property interest in polluted stormwater, and (2) the Cities did not state a claim for equitable indemnity because their costs arose from regulatory requirements rather than from an adverse judgment. Case No. 15-cv-3178, Dkt. No. 85; Case No. 15-cv-5152, Dkt. No. 66; Case No. 16-cv-71, Dkt. No. 56. The Court granted leave to amend only as to the cause of action for nuisance. Id.

The Cities filed their FACs on September 13, 2016, each bringing a single cause of action for public nuisance. Monsanto again moved to dismiss. Case No. 15-cv-3178, Dkt. No. 103; Case No. 15-cv-5152, Dkt. No. 81; Case No. 16-cv-71, Dkt. No. 71. This Court denied the motion but invited Monsanto to a file a motion to dismiss (or, alternatively, to stay) on the basis that the Cities have failed to exhaust their administrative remedies. Case No. 15-cv-3178, Dkt. No. 121; Case No. 15-cv-5152, Dkt. No. 96; Case No. 16-cv-71, Dkt. No. 87. That motion is now before the Court.

**II.  LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). District courts have "discretion to decline jurisdiction, or to stay proceedings," pending exhaustion of administrative remedies. Morrison-

3
Case No.: 5:15-cv-03178-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987).

## III. DISCUSSION

In 2010, the City of Alameda filed a test claim with the Commission, contending that its permit obligations constituted an unfunded state mandate for which the City was entitled to reimbursement from the State. Defs.' Supp. Request for Judicial Notice Ex. 37, Case No. 15-cv-3178, Dkt. No. 123; Case No. 15-cv-5152, Dkt. No. 99; Case No. 16-cv-71, Dkt. No. 90.[2]

Berkeley and Oakland joined as co-claimants, and San Jose filed a similar claim. Id. Exs. 11, 38. The Cities' claims were consolidated in 2016 and are currently pending before the Commission. Id. Ex. 15. As the parties indicated during the hearing on this motion, the next hearing before the Commission on the Cities' consolidated test claims is scheduled for January 26, 2018. The Cities filed their federal actions in 2015 and 2016.

Monsanto argues that the Cities' cases before this Court must be dismissed (or, at a minimum, stayed) because the Cities have failed to exhaust their administrative remedies. MTD 9–12. "[W]here an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." Abelleira v. Dist. Ct. of Appeal, Third Dist., 17 Cal. 2d 280, 292 (1941). The California Legislature established the Commission "as a quasi-judicial body to carry out a comprehensive administrative procedure for resolving claims for reimbursement of state-mandated local costs." MTD at 10 (quoting Redevelopment Agency v. Comm'n on State Mandates, 43 Cal. App. 4th 1188, 1193 (1996)). In their test claims before the Commission, the Cities seek to recover their permit compliance costs on the theory that the permits constitute unfunded state mandates. Monsanto argues that the Cities are seeking the same relief in their actions before this Court. See, e.g., FACs ¶ 16 ("Plaintiff has spent money in efforts to reduce PCBs from stormwater and dry weather runoff to comply with these state-mandated TMDL goals."); id. ¶ 18 ("The City has incurred and will continue to incur costs to comply with the new, stricter TMDL requirements in order to reduce PCBs from

---

[2] Monsanto's request for judicial notice is GRANTED.

stormwater and dry weather runoff."). Because relief for the Cities' claims is available from the Commission, Monsanto argues, the Cities must exhaust their test claims before their federal actions can proceed.

In response, the Cities argue that the relief they seek before the Commission is unrelated to the relief they seek in their federal actions. The Cities argue that their federal actions seek tort damages under a public nuisance theory. See, e.g., Pls.' Opp'n to Defs.' Mot. to Dismiss 3 ("The Cities seek to recover tort damages for the contamination of their properties including the past and future costs of removing PCBs from their stormwater systems, because Monsanto's PCBs are toxic, cannot be contained to their original application, and do not biodegrade."). No administrative process exists to adjudicate public nuisance claims. Id. at 4 ("Nowhere does the Code establish an administrative process for a public nuisance claim."). Accordingly, the Cities argue that they are free to pursue different theories in each forum, and there is no requirement to exhaust their administrative claims before they can pursue tort claims in federal court.

The Court finds that there is substantial overlap between the costs the Cities seek to recover in their test claims and in their federal actions. In both, the Cities seek damages to compensate them for the cost of complying with state-mandated permit obligations—for instance, costs associated with retrofitting their stormwater systems to filter out PCBs. Compare FACs ¶ 16 ("Plaintiff has spent money in efforts to reduce PCBs from stormwater and dry weather runoff to comply with these state-mandated TMDL goals."), with RJN Ex. 37 at 1–2 ("The City of Alameda [and its co-claimants] seek[] the Commissioner's approval of claims to recover costs associated with obligations mandated by a handful of provisions of the Municipal Regional Stormwater Permit issued . . . by the California Regional Water Quality Control Board," including "stormwater pollution controls"). Although the Cities frame their federal actions as claims for public nuisance, the Cities seek the same recovery for the same injury before the Commission. As such, the Cities must exhaust their administrative remedies before they can seek relief from the courts.

5

Case No.: 5:15-cv-03178-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

## IV. CONCLUSION

Monsanto's motion to stay is GRANTED. The Cities' actions are STAYED until February 8, 2018. The parties shall appear for a status conference at **10:00 a.m. on February 8, 2018**. The parties shall file a joint status report, not to exceed five pages of text, by **February 1, 2018**.

**IT IS SO ORDERED.**

Dated: August 4, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-03178-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY